UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | § § § | |
| PLAINTIFF | § § | |
| V. | § § | CIVIL ACTION NO. 3:25-CV-296 |
| NAUTILUS INSURANCE COMPANY | § § § | |
| DEFENDANT | § § | |

**PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Zurich American Insurance Company ("Zurich" or "Plaintiff") files this Original Complaint for Declaratory Judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and FEDERAL RULE OF CIVIL PROCEDURE 57, seeking a declaration that Nautilus Insurance Company ("Nautilus" or "Defendant") has a duty to defend mutual insureds in an Underlying Lawsuit and seeking reimbursement of one-half of defense costs paid by Plaintiff from the date of tender to Defendant forward. The Plaintiff shows the following in support:

**I.**

**NATURE OF THE CASE**

1.1   This case concerns an insurance coverage dispute between Plaintiff and Defendant regarding coverage for additional insureds under a subcontract agreement.

1.2   Plaintiff seeks declarations that Defendant (1) has a present duty to defend the parties' mutual insureds, Aerion Rental Services, LLC, Aerion, LLC, Crescent Safety Services, LLC,

Crescent Drilling Foreman, Inc., Crescent Drilling & Production, Inc., Pioneer National Resources USA, Helmerich & Payne International Drilling, and Upstream International, LLC, from the claims pending in the 134th Judicial District Court of Dallas County, Cause No. DC-21-01489 ("Underlying Lawsuit") from the date of tender forward; and (2) Defendant owes Plaintiff reimbursement of one-half of the defense fees Plaintiff has paid and that were accrued since the date of tender forward.  A copy of the live pleading in the Underlying Lawsuit has been attached as Exhibit 1.

1.3   Defendant's insured, Tier One, LLC, was added to the Underlying Lawsuit via Aerion Rental Services, LLC, and Aerion, LLC's Third-Party Petition attached as Exhibit 2.

1.4   Aerion Rental Services, LLC and Tier One, LLC entered into a Master Subcontractor Service Agreement ("the Subcontract") to provide solid control services at a Midland County, Texas drilling operation. The Subcontract has been attached as Exhibit 3. The Subcontract provided that Tier One, LLC was to procure insurance, including commercial general liability insurance, with said insurance required to name Aerion Rental Services, LLC as an additional assured, and with such coverage to be primary coverage for Aerion Rental Services, LLC as the additional insured. The Subcontract further provided Tier One, LLC would "release, defend, indemnify, and hold harmless Customer Group, Contractor Group and Contractor's contractors and subcontractors of any tier from and against any and all Losses arising from injury, illness, death, or damage to property of any of Subcontractor Group, REGARDLESS OF FAULT." Lastly, the Subcontract provided Tier One, LLC's insurance policy would name Contractor Group and Contractor's Customer as additional insured and be primary and non-contributory to any insurance of Contractor Group and Contractor's Customer.

1.5     Aerion Rental Services, LLC and Aerion, LLC, contracted directly with Pioneer Natural Resources USA who was their customer. Crescent Safety Services, LLC, Crescent Drilling Foreman, Inc., Crescent Drilling & Production, Inc., Helmerich & Payne International Drilling, and Upstream International, LLC were all contractors for Pioneer Natural Resources USA. Accordingly, Pioneer Natural Resources USA, Crescent Safety Services, LLC, Crescent Drilling Foreman, Inc., Crescent Drilling & Production, Inc., Helmerich & Payne International Drilling, and Upstream International, LLC are part of the Customer Group to which Defendant owes indemnity and defense (hereinafter referred to as "Customer Group").

1.6     Plaintiff issued Aerion Rental Services, LLC a Commercial General Liability Insurance policy, number GLO 1102573-00, with an effective date of September 27, 2019 to July 1, 2020.

1.7     Plaintiff accepted the tender of Customer Group providing a defense as additional insureds subject to a Reservation of Rights pursuant to a separate Master Service/Sales Agreement between Pioneer Natural Resources USA, Inc. and Aerion Rental Services, LLC.

1.8     Based on information and belief, Tier One, LLC purchased a Commercial General Liability Insurance Policy issued by Defendant. Tier One, LLC's insurance policy, number ECP2026181, had an effective term of May 4, 2019 through May 4, 2020. A copy of Tier One, LLC's Certificate of Liability Insurance has been attached as Exhibit 4.

1.9     Aerion Rental Services, LLC, on behalf of the Customer Group and through its insurer Plaintiff, tendered the Underlying Lawsuit to Defendant and its insured, Tier One, LLC, claiming additional insured status by virtue of the Subcontract, and Defendant's policy issued to Tier One, LLC.

1.10	Despite Plaintiff's tender, the contractual requirements for additional insured coverage, and Defendant's policy issued to Tier One, LLC providing for such coverage, Defendant has refused to defend Aerion Rental Services, LLC and Customer Group despite such defense being owed.

## II.

## PARTIES

2.1	Plaintiff adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

2.2	Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in the State of Texas.

2.3	Defendant, Nautilus Insurance Company, is an insurance company organized under the laws of Arizona with a principal place of business in Scottsdale, Arizona. It is duly authorized to issue insurance policies in the State of Texas.  Defendant does not maintain a registered agent in State of Texas and can, therefore, be served with process by serving the **Commissioner of the Texas Department of Insurance at Chief Clerk Office, Mail Code GC-CCO, P.O. Box 12030**, **Austin, Texas 78711-2030**, and the Commissioner can then forward process to **John D. Briggs, at 7233 E. Butherus Drive, Scottsdale, Arizona 75260**.  Plaintiff hereby requests issuance of Citation for Defendant via the Commissioner of Insurance.

## III.

## JURISDICTION

3.1     Plaintiff adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

3.2     The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action to determine an actual case and controversy between the parties regarding the rights and obligations of the parties under a subcontract entered into by their respective insureds.

3.3     The amount in controversy exceeds $75,000.00, exclusive of interest and costs. In this suit, Plaintiff seeks declarations that: (1) Defendant has a present duty to defend the parties' mutual insureds, Aerion Rental Services, LLC, Aerion, LLC, and Customer Group from the claims pending in the Underlying Lawsuit from the date of tender forward; and (2) reimbursement of one-half of the defense fees Plaintiff has paid and that were accrued since the date of tender forward. Thus far, Plaintiff has spent over $100,000.00 defending Aerion Rental Services, LLC, Aerion, LLC, and Customer Group from the claims asserted in the Underlying Lawsuit since the date of tender forward, and Plaintiff seeks one-half of those fees as reimbursement from Defendant. As a result, this amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

## IV.

## VENUE

4.1     Plaintiff adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

4.2     Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. §§1391(b)(2) because Plaintiff's and Defendant's respective insureds are being defended in this district, and the Underlying Lawsuit, which forms the foundation of this Declaratory Judgment action, is pending in this district.

V.

# FACTS

### *The Underlying Lawsuit*

5.1     Plaintiff adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

5.2     The Underlying Lawsuit was filed by Morgan Bertrand against Pioneer Natural Resources USA, Inc., Helmerich & Payne International Drilling Company, Aerion Rental Services, LLC, Aerion LLC, Upstream International, LLC, Crescent Safety Services, LLC, Crescent Drilling & Production, Inc., and Crescent Drilling Foreman, Inc.

5.3     The current live Petition is Plaintiff's First Amended Complaint and Jury Demand.

5.4     In Morgan Bertrand's First Amended Complaint and Jury Demand (hereinafter "Complaint"), Morgan Bertrand ("Bertrand") alleges that while working on a drying shaker at a drilling site in Midland, Texas, he fell into an unmarked hole.

5.5     Bertrand alleges the defendants were negligent for failing to provide a safe place to work; negligent job planning, coordination and/or communication; negligent training; negligent supervision; failure to properly inspect site before authorizing the commencement of work; negligent authorization of work when it was unsafe to do so; creating and/or permitting the existence of unreasonably dangerous condition upon the job site; failure to remedy unreasonably dangers conditions upon the job site for which they had actual and/or constructive knowledge; failure to warn of a condition which they knew or should have known to present an unreasonable risk of harm; improper, inadequate equipment; negligent maintenance, inspection and/or repair of equipment on job site; violation of company rules and regulations created for the safety of individuals working on its job site; any other acts of negligence which may be revealed at or before

the trial of this matter; and violation of state and federal safety rules and regulation. Bertrand alleges his injuries resulted from these acts of negligence.

5.6     On March 1, 2021, Plaintiff, on behalf of Aerion Rental Services, LLC, its insured, and Pioneer Natural Resources USA, a member of Customer Group, tendered their defense to Defendant. Exhibit 5. Plaintiff did not receive any response from Defendant.

5.7     On March 30, 2023, Plaintiff, on behalf of Aerion Rental Services, LLC and Customer Group, again tendered their defense to Defendant. Exhibit 6. Defendant again did respond.

5.8     Aerion Rental Services, LLC and Aerion, LLC subsequently filed a Third-Party Petition against Tier One, LLC, Bertrand's employer, for breaches of contract, negligence, contribution, and indemnification.

## VI.

## THE CONTRACT PROVISIONS

A.     *Subcontract Provisions*

6.1     Plaintiff adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

6.2     On February 23, 2018, Aerion Rental Services, LLC and Tier One, LLC entered into a Master Subcontractor Service Agreement (the "Subcontract") regarding services related to a Midland County, Texas drilling operation which forms the basis of the Underlying Lawsuit. For purposes of the Subcontract, Aerion Rental Services, LLC was the "Contractor" and Tier One, LLC was the "Subcontractor."

6.3     The Subcontract contained the following risk allocation provisions:

    **8.     Risk Allocation**

    .     .     .     .

"**Contractor Group**" shall mean, individually or in any combination, Contractor, its parent, affiliate or subsidiary entities, and the respective directors, officers, agents, representatives, employees, insurers and invites of all the foregoing.

"**Customer Group**" shall mean, individually or in any combination, Contractor's Customer, its parent, affiliate and subsidiary entities, its and their customers, joint venturers, joint interest owners, co-owners, co-lessees and partners, and the contractors and subcontractors of every tier (other than any member of Subcontractor Group) of all the foregoing, and the respective directors, officers, agents, representatives, employees, insurers and invitees of all the foregoing, and any person or entity required by Contractor's Customer to be named as a member of Contractor's Customer "Group" (or any similar designation) under any Customer Agreement.

"**Subcontractor Group**" shall mean, individually or in any combination, Subcontractor, its parent, affiliate, and subsidiary entities, and its and their contractors and subcontractors of every tier, and the respective directors, officers, agents, representatives, employees, insurers and invitees of all the foregoing. Any member of Subcontractor Group is not considered a member of Contractor Group or Customer Group for any purpose under this Agreement.

"**REGARDLESS OF FAULT**" shall mean regardless of whether the injury, illness, death, damage to property, pollution, or contamination is caused or allegedly caused by, contributed to by, or occasioned by, in whole or in part, the joint, sole or concurrent negligence (whether active or passive), breach of contract, breach of warranty, strict liability, unseaworthiness of any vessel, unairworthiness of any aircraft, preexisting condition, or any other fault (expressly excluding gross negligence and willful misconduct) attributable to the indemnitee and/or its respective Group or any other person or entity.

**(b) Parties' Intent. Contractor and Subcontractor intend for the release, defense, indemnity and hold harmless obligations provided for in this Section 8 to apply to any Losses directly or indirectly arising out of, resulting from, or related to the performance or subject matter of this Agreement or any Work, including the ingress, egress, loading/unloading of cargo or personnel, or any presence on any premises (whether land, building, vehicle, platform, aircraft, vessel, or otherwise) owned, operated, chartered, leased, used, controlled, or hired by any person or entity.**

**(c) Subcontractor's General Indemnity. Subcontractor shall release, defend, indemnify, and hold harmless Customer Group, Contractor Group, and Contractor's contractors and subcontractor of any tier from and against any and all Losses arising from injury, illness, death, or damage to property of any member of Subcontractor Group, REGARDLESS OF FAULT.**

>   **(d) <u>Contractor's General Indemnity.</u> Contractor shall release, defend, indemnify, and hold harmless Subcontractor Group from and against any and all Losses arising from injury, illness, death, or damage to property of any member of Contractor Group, REGARDLESS OF FAULT.**

6.4   The Subcontract contained the following insurance provisions:

>   **9.   Insurance.**
>
>   (a) Subcontractor shall at its own expense (including deductibles) carry insurance (with insurance companies satisfactory to Contractor) to insure the release, defense, and indemnity obligations assumed by Subcontractor under this Agreement, including, but not limited to, insurance in the minimum amounts and in accordance with the specifications set forth in Exhibit B, with all such insurance to be effective prior to the commencement of any Work under this Agreement, and Subcontractor represents and warrants the entire cost of such insurance has been included in and shall be recovered by Subcontractor through the Subcontractor's prices. Such insurance shall be maintained in full force and effect at all times Work is performed and/or this Agreement is in effect.
>
>   (b) All insurance policies of Subcontractor, in any way related to the Work, and whether or not required by this Agreement, shall, but only to the extent of the release, defense, and indemnity obligations assumed by Subcontractor in this Agreement, (1) name Contractor Group and Contractor's Customer as additional insureds (except for worker's compensation) (with such additional insured coverage including coverage for the sole or concurrent negligence of the additional insured and not being restricted to (i) "ongoing operations," (ii) coverage for vicarious liability, or (iii) circumstances in which the named insured is partially negligent); (2) waive subrogation against Contractor Group and Contractor's Customer; and (3) be primary and non-contributory to any insurance of Contractor Group and Contractor's Customer.
>
>   .   .   .   .
>
>   (e) If the laws of the State of Texas are applicable to this Agreement or any work performed by Subcontractor, each Party's indemnity obligations will be supported by liability insurance obtained for the benefit of the other Party (and its respective Group) as indemnitees of the types and with minimum limits and coverage not less than those requires to be obtained by Subcontractor under this Section 9 and Exhibit B. The parties acknowledge the foregoing is to ensure compliance with the Texas Oilfield Anti-Indemnity Act regarding indemnification mutually assumed for the other Party's sole or concurrent negligence and to ensure the enforceability of the release, defense, indemnity and hold harmless obligations of each party.

B.   *Plaintiff's Additional Ensured Endorsement*

7.1   Plaintiff adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

7.2   Tier One, LLC purchased a Commercial General Liability Insurance Policy issued by Defendant. Tier One, LLC's insurance policy, number ECP2026181, had an effective term of May 4, 2019 through May 4, 2020.

7.3   Defendant's Commercial General Liability Insurance policy contained an Additional Insured – Blanket Endorsement attached as Exhibit 7. The endorsement contained the following provision:

> This endorsement modifies insurance provided under the following:
>
> **ENVIRONMENTAL COMBINED POLICY**
>
> In consideration of the premium charged and notwithstanding anything contained in this policy to the contrary, it is hereby agreed and understood that this endorsement shall apply only to the Coverage Part(s) corresponding with the box or boxes marked below.
>
> ☒ COVERAGES PARTS A AND B – GENERAL LIABILITY
>
> ☒ COVERAGE D – CONTRACTORS POLLUTION LIABILITY
>
>> **SECTION III – WHO IS AN INSURED** is amended to include as an insured, with respect to Coverage A, B, and D, any person(s) or organizations(s) when you and such person(s) or organization(s) have agreed in a written contract or written agreement that such person(s) or organization(s) be added as an additional insured on your policy. Such written contract or written agreement must be in effect prior to the performance of your work which is the subject of such written contract or written agreement.
>>
>> .   .   .   .
>>
>> With respect to damages caused by your work, as described above, the coverage provided hereunder shall be primary and not contributing with any other insurance available to those person(s) or organization(s) with which you have so agreed in a written contract or written agreement.

7.4     Tier One, LLC, as Subcontractor, agreed to release, defend, indemnify, and hold harmless Aerion Rental Services, LLC, as a member of Contractor Group from and against any and all Losses arising from injury, illness, death, or damage to property of any member of Subcontractor Group, REGARDLESS OF FAULT.

7.5     Additionally, Tier One, LLC, as Subcontractor, agreed to release, defend, indemnify, and hold harmless members of Customer Group from and against any and all Losses arising from injury, illness, death, or damage to property of any member of Subcontractor Group, REGARDLESS OF FAULT.

7.5     The Underlying Lawsuit is based on an injury sustained by Tier One, LLC's own employee, Morgan Bertrand. Mr. Bertrand, as Tier One, LLC's employee, is considered a member of Subcontractor Group under the Subcontract. Accordingly, Tier One, LLC is contractually obligated to defend, indemnify, and hold harmless Aerion Rental Services, LLC, Aerion, LLC, and the above identified members of Customer Group as additional insureds.

7.6     Defendant's issued policy to Tier One, LLC states any organizations with whom Tier One, LLC has agreed in a written contract that such organizations be added as additional insured are considered "Insureds." Additionally, the policy states it will be primary and non-contributing with any other insurance available to those organizations with which Tier One, LLC has agreed in a written contact.

7.7     Despite Plaintiff's tender, the contractual requirements for additional insured coverage under the Subcontract, and Defendant's policy issued to Tier One, LLC providing for such coverage, Defendant has refused to defend Aerion Rental Services, LLC and Customer Group despite such defense being owed.

## VII.

## DECLARATORY RELIEF

8.1     Plaintiff adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

8.2     There is a justiciable, actual and bona fide controversy between the parties regarding the rights and obligations of Plaintiff and Defendant under the Subcontract as it applies to the Underlying Lawsuit.

8.3     Plaintiff seeks a judicial declaration of its rights and duties, and the Court's declarations will provide certainty to the parties and serve the interests of justice.

8.4     Plaintiff seeks the following declarations:

    a.     Defendant has a duty to defend Aerion Rental Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

    b.     Defendant has a duty to indemnify Aerion Rental Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

    c.     Defendant has a duty to defend Pioneer Natural Resources USA, Inc., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

    d.     Defendant has a duty to indemnify Pioneer Natural Resources USA, Inc., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

e. Defendant has a duty to defend Helmerich & Payne International Drilling Co., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

f. Defendant has a duty to indemnify Helmerich & Payne International Drilling Co., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

g. Defendant has a duty to defend Aerion LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

h. Defendant has a duty to indemnify Aerion LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

i. Defendant has a duty to defend Upstream International, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

j. Defendant has a duty to indemnify Upstream International, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

k Defendant has a duty to defend Crescent Safety Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

l. Defendant has a duty to indemnify Crescent Safety Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

    m.    Defendant has a duty to defend Crescent Drilling & Production, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

    n.    Defendant has a duty to indemnify Crescent Drilling & Production, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

    o.    Defendant has a duty to defend Crescent Drilling Foreman, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

    p.    Defendant has a duty to indemnify Crescent Drilling Foreman, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

8.5    Plaintiff reserves the right to amend its Petition and seek all relief otherwise available to it under statutory, contract or common law.

## PRAYER

WHEREFORE, Plaintiff Zurich American Insurance Company respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties as follows:

    a.    Defendant be cited to appear and answer;

    b.    The Court enter an Order that Defendant has a duty to defend Aerion Rental Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

c. The Court enter an Order that Defendant has a duty to indemnify Aerion Rental Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

d. The Court enter an Order that Defendant has a duty to defend Pioneer Natural Resources USA, Inc., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

e. The Court enter an Order that Defendant has a duty to indemnify Pioneer Natural Resources USA, Inc., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

f. The Court enter an Order that Defendant has a duty to defend Helmerich & Payne International Drilling Co., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

g. The Court enter an Order that Defendant has a duty to indemnify Helmerich & Payne International Drilling Co., under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

h. The Court enter an Order that Defendant has a duty to defend Aerion LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

i. The Court enter an Order that Defendant has a duty to indemnify Aerion LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

j.  The Court enter an Order that Defendant has a duty to defend Upstream International, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

k.  The Court enter an Order that Defendant has a duty to indemnify Upstream International, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

l.  The Court enter an Order that Defendant has a duty to defend Crescent Safety Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

m.  The Court enter an Order that Defendant has a duty to indemnify Crescent Safety Services, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

n.  The Court enter an Order that Defendant has a duty to defend Crescent Drilling & Production, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

o.  The Court enter an Order that Defendant has a duty to indemnify Crescent Drilling & Production, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

p.  The Court enter an Order that Defendant has a duty to defend Crescent Drilling Foreman, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit;

q. The Court enter an Order that Defendant has a duty to indemnify Crescent Drilling Foreman, LLC, under the Subcontract, as an additional insured from the claims asserted in the Underlying Lawsuit; and

r. The Court grant such other and further relief as Plaintiff is justly entitled and will ever pray, as justice and equity require.

Respectfully submitted,

By: */s/ R. Brent Cooper*
**R. BRENT COOPER**
Texas State Bar No. 04783250
Email: Brent.Cooper@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**