IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:25-CV-296-N |
| NAUTILUS INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Nautilus Insurance Company's ("Nautilus") Motion to Quash Subpoena and Motion for Protective Order [17], joined by Alternative Dispute Resolution ("ADR") Provider James Juneau [21]. Because Zurich seeks information protected under a mediation settlement agreement, the Court grants Nautilus's motion.

## I. ORIGINS OF THE DISCOVERY DISPUTE

Zurich filed this action seeking a declaratory judgment that Nautilus has a duty to defend and indemnify certain insured entities for claims asserted against them in an underlying state court lawsuit. Def.'s Mot. Br. ¶ 4 [17]. The state lawsuit settled at mediation and the parties reached a settlement agreement in which Zurich and Nautilus agreed to pay a confidential settlement amount on behalf of their insureds. *Id*. ¶ 1. Nautilus asserts that the agreement was a global release from all claims by Zurich's insured against Nautilus and its insured parties. *Id*. Zurich contends that the mediation agreement settled

MEMORANDUM OPINION AND ORDER – PAGE 1

all claims except the declaratory judgment claim in the present case and the parties agreed to handle this claim separately outside of mediation.  Pl.'s Resp. Br. 1-2 [27].  Zurich issued a deposition subpoena and a subpoena *duces tecum* to nonparty mediator Juneau, seeking his testimony about the mediation and his notes made at the mediation.  Def.'s Mot. Br. ¶ 1.  Nautilus countersued Zurich for breach of the mediation agreement and filed this motion to quash and protective order to prevent discovery of the information sought by Zurich.  *Id*.  Juneau joined Nautilus's motion to quash and protective order and seeks reimbursement of his attorney's fees and expenses incurred in preparing the motion.

## II.  LEGAL STANDARD FOR PROTECTIVE ORDER, FEES AND EXPENSES

Rule 26(c) authorizes courts to issue "an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause.  FED. R. CIV. P. 26(c).  Protective orders may forbid certain disclosures, specify the terms for disclosure, forbid inquiry into certain matters, or limit the scope of disclosure to certain matters.  *Id*.  Further, the Court may still issue a protective order on relevant discovery that is unduly burdensome.  *Id*.  The "decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion."  *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999).

Additionally, Rule 26(c)(3) provides that, in connection with a Rule 26(c) motion for protective order, Rule 37(a)(5) applies to the award of expenses.    FED. R. CIV. P. 26(c)(3). Under that rule, if the Court grants a protective order, "the court must … require that the party or deponent whose conduct necessitated the motion … to pay the movant's

MEMORANDUM OPINION AND ORDER – PAGE 2

reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5).

## III.  THE COURT GRANTS THE MOTION

"As a general rule, a party has standing to challenge a third-party subpoena in order to protect a personal right or privilege." *Canyon Partners, L.P. v. Devs. Diversified Realty Corp.*, 2005 WL 5653121, at *1 (N.D. Tex. 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).  Here, Nautilus argues that the Court should quash the subpoena directed to Juneau, because the subpoena violates the mediation agreement between Zurich and Nautilus.  Thus, Nautilus has standing to challenge Zurich's subpoena of Juneau to protect its privilege against disclosure of mediation communications.

### A. *The Mediation Communications are Confidential and Privileged.*

Rule 45(d)(3) states that the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3).  The Court finds that the information sought in the Zurich subpoena is confidential, privileged, and protected from disclosure under the Texas ADR Act and the mediation agreement.

Under Texas law, a communication relating to the subject matter of any civil or criminal dispute made by a participant in an ADR procedure "is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding."  TEX. CIV. PRAC. & REM. CODE ANN. § 154.073(a). Furthermore, any record made at an ADR resolution procedure is confidential, and

the participants or the third party facilitating the procedure may not be required to testify in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring disclosure of confidential information or data relating to or arising out of the matter in dispute.

*Id*. § 154.073(b).

The parties' mediation agreement also protects the information sought in the subpoena from disclosure. Juneau provided Zurich and Nautilus with his "Rules for Mediation" ("Rules"), which provide that, once both parties agreed to mediation, the parties made the Rules a part of their agreement to mediate. Mediation agreement, Def.'s App. 017 [17]. The confidentiality clause of the Rules affirms that the mediator cannot divulge information disclosed during mediation, including all records and documents. *Id*. The Rules specify that the mediator will not be compelled to divulge records or testify regarding the mediation in any adversarial proceeding. *Id*.

Zurich's subpoena directs Juneau to testify about the mediation and to produce documents for inspection and copying, including "all documents, correspondence, or notes created during the mediation on 2/18/2025 in the [underlying suit] demonstrating the parties' intent to include or exclude the declaratory judgment action." Def.'s App. 007; Pl.'s Resp. Br. 4 [27]. Zurich argues that the subpoena only requests documents regarding the handling of Zurich's declaratory judgment and therefore did not violate the Rules. Pl.'s Resp. Br. 4. However, the plain language of the Rules demonstrate that the information requested in the subpoena is protected from disclosure by the confidentiality clause of the Rules that both parties consented to. The information is further protected from disclosure by the Texas ADR Act.

MEMORANDUM OPINION AND ORDER – PAGE 4

Thus, in accordance with Federal Rule of Civil Procedure 45, the Court quashes the subpoena for deposition testimony and mediation-related documents of Juneau. FED. R. CIV. P. 45(d)(3). Further, because the Court determines that the subpoena causes an undue burden and expense to Mr. Juneau and Nautilus, the Court grants a protective order prohibiting discovery sought by the subpoena.

### B. *Zurich's Offensive Use Argument Fails.*

Under the offensive use doctrine, a party cannot "invoke the jurisdiction of the courts in search of affirmative relief, and yet, on the basis of privilege, deny a party the benefit of evidence that would materially weaken or defeat the claims against her." *Alford v. Bryant*, 137 S.W.3d 916, 921 (Tex. App. — Dallas 2004). Zurich contends that the offensive use doctrine applies to Nautilus's motion because, by bringing its breach of contract counterclaim, Nautilus seeks affirmative relief while simultaneously invoking the confidentiality privilege. Pl.'s Resp. Br. 5.

Under Texas law, three prongs control when a party has waived an asserted privilege under the offensive use doctrine: (1) the party asserting the privilege is seeking affirmative relief, (2) the privileged information sought is outcome determinative of the cause of action asserted, and (3) disclosure of the confidential information is the only means by which the aggrieved party may obtain evidence. *Alford*, 137 S.W.3d at 921. If all three prongs are satisfied, the party asserting the privilege has waived it and the aggrieved party may disclose the confidential information. *Id*. Here, Nautilus's breach of contract claim is a counterclaim against Zurich for its violation of the mediation agreement. Def.'s Mot. Br.

MEMORANDUM OPINION AND ORDER – PAGE 5

¶ 6.  The relief sought is defensive, not affirmative.  Therefore, Zurich's offensive use argument fails.[1]

### C. *The Court Grants Attorney's Fees to Nautilus and Juneau.*

Nautilus and Juneau each move for an award of attorney's fees incurred in filing their motions to quash and seek a protective order, pursuant to Rule 37(a)(5).  Additionally, Juneau's Rules state that "any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the Mediator."  Def.'s App. 018.  Accordingly, the Court grants Nautilus and Juneau reasonable attorney's fees and expenses incurred in preparing this motion, the supporting briefs, and attendance at the hearing on this motion.

### CONCLUSION

Because the Court concludes that the information sought by Zurich's subpoena is confidential, privileged, and protected from disclosure, the Court grants Nautilus's motion to quash and protective order.  The Court also awards Nautilus and Juneau reasonable attorney's fees and expenses incurred in the preparation of the motion to quash and protective order.

---

[1] If it needed to reach them, the Court would hold the second and third requirements are likewise not met.

Signed October 9, 2025.

David C. Godbey
Senior United States District Judge